## STATE v. BATES.

1. APPEAL—NEW TRIAL—JURISDICTION.—This Court has no jurisdiction to enquire if the evidence is *sufficient* to support the verdict on appeal from order refusing new trial.
2. IBID.—IBID.—HOUSEBREAKING AND LARCENY.—There being some evidence to support the conviction for housebreaking and larceny, this Court cannot disturb the judgment on appeal from order refusing new trial, because there is *no* evidence to support the verdict. *State v. Johnson,* 45 S. C., 483, *distinguished from this.*

Before ALDRICH, J., Barnwell, July term, 1901. Affirmed.

Indictment against Sam Bates. From conviction for housebreaking and larceny, defendant appeals.

*Messrs. Bates & Simms,* for appellant, cite: *Buying or receiving stolen goods is a misdemeanor:* Crim. Stat., 161. *If party is found in possession of stolen goods and does not satisfactorily explain their possession, he is presumed to be the thief:* 3 Brev., 314; 2 Tr. Con. R., 692; 4 Strob., 303; 1 M. Con. R., 274. *But this presumption does not extend beyond being guilty of larceny. Each count in an indictment must stand on its own merits:* 45 S. C., 488; 15 S. C., 10; Pom. Rem., sec. 275.

*Solicitor Jas. E. Davis,* contra (oral argument).

February 12, 1902. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. The indictment, under which the defendant in this case was tried, contained three counts—one for housebreaking, another for grand larceny and another for receiving stolen goods. Under this indictment, the defendant was convicted of housebreaking and petit larceny; whereupon he moved for a new trial, which was refused; and from such refusal he appeals to this Court upon the following grounds:

"1st. Because his Honor erred, it is respectfully submitted, in refusing the motion to set aside the verdict and grant a new trial, when there was no testimony connecting the defendant with the alleged housebreaking.

"2d. Because his Honor erred, it is respectfully submitted, in not holding that the testimony as to the breaking, taken in connection with the possession of the stolen goods, was insufficient upon which to base a verdict of guilty of housebreaking."

The second exception, raising the question as to the *insufficiency* of the testimony as to the housebreaking upon which to base a verdict of guilty of housebreaking, certainly cannot be sustained; for the rule is too well settled to require citation of authority, that this Court has no jurisdiction to consider such a question.

The question raised by the first exception is whether there was *any* testimony tending to sustain the charge of housebreaking. The testimony, as delivered by the witnesses, is not set forth fully in the *"Case,"* and all that we can know of what was the testimony given at the trial, must be derived from a statement in the "Case" of the substance of the testimony. From that statement it seems to us that there was, at least, *some* testimony tending to sustain the charge of housebreaking, whether *sufficient* or not, we are not at liberty to consider. From that statement it appears that the storehouse of one Samuel Wiley, in the town of Barnwell, was broken into on Saturday night, the 30th March, 1901, and sundry articles of goods, wares and merchandise were stolen therefrom. On the next morning, Sunday, the house of the defendant was searched by one of the witnesses and none of the stolen goods was found therein; but on the day following, Monday, a search warrant was obtained and the house of the defendant was again searched, and a box of goods was found under the defendant's bed, some of which was identified as the property of the said Wiley, which had been in his store, one of the articles, an overcoat, was proved to have been in the store on the night

it was broken into. The defendant, on the trial, did not give any explanation, satisfactory to the jury, as to how he came into possession of the stolen goods. It is true, that he attempted to do so by saying that he had obtained the goods from a person in an adjoining county; but it is manifest that the jury could not have believed this statement, as otherwise they could not have rendered the verdict which they did. Again, it appears that access to the store was obtained by breaking open a door leading into the telephone office adjoining, and that the defendant was in the employment of the telephone company and presumably had access to the office of the company, and knew that the door led into the store. This, taken in connection with the fact that the goods stolen from the store so very soon after the house was broken into, were found in the possession of the defendant, of which he gave no satisfactory explanation, affords *some* evidence, at least, not only that the defendant had stolen the goods, but also that he had broken into the store for that purpose; and whether such evidence was *sufficient* to show that defendant had broken into the store, is a question which this Court is not at liberty to consider. The case of the *State* v. *Johnson,* 45 S. C., 483, cited and relied upon by counsel for the appellant, is not in point; for there the Circuit Judge, who heard that case—the same Judge who heard this case—distinctly stated that "there was *no* testimony to connect the defendant with the breaking and entry," while here there is no such statement; and, on the contrary, there was *some* testimony tending to connect this defendant with the breaking and entry of the store. True, it was only circumstantial, as is usually the case in such prosecutions as this, for it is rarely practicable to produce the testimony of an eyewitness to the fact of the breaking and entry of a house for the purpose of stealing articles therein. The first exception must likewise be overruled.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.