9974

STATE v. ANDERSON.

(96 S. E. 115.)

BURGLARY—BREAKING AND ENTERING—DIRECTED VERDICT.—It was not error to refuse to direct a verdict for defendant, charged with larceny and housebreaking in the nighttime, on the ground that there was no testimony connecting him with the housebreaking, where he confessed the theft and evidence showed that before the theft the barn door was nailed shut, and that after the theft the door was shut, but not fastened; the reasonable inference being that it was necessary for defendant to break into the barn in order to commit the theft.

Before GARY, J., Sumter, Fall term, 1917.   Affirmed.

Harvey Anderson was convicted of larceny and house-breaking in the nighttime, and from sentence appeals.

*Mr. M. J. Frederick,* for appellant, cites: *As to a scintilla of evidence:* 78 S. C. 556; 83 S. C. 24. *As to Judge expressing his opinion in the presence of the jury in refusing motion for new trial:* 80 S. C. 383; 81 S. C. 379; 90 S. C. 221. *As to Court's duty to direct verdict:* 12 Cyc., 594, sec. b; 115 Ala. 14; 117 N. C. 695; 23 S. E. 98. *As to error in refusing new trial, when there was no evidence of the housebreaking and larceny in the nighttime as alleged in the indictment:* 6 Cyc. 242, sec. 3; 46 Pac. 801.

*Solicitor F. A. McLeod,* for State-respondent (oral argument).

May 2, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The defendant was convicted of larceny and housebreaking in the nighttime.

The exceptions assign error on the part of his Honor, the presiding Judge, in refusing the motion to direct a verdict in favor of the appellant, on the ground that there was no testimony connecting him with the alleged housebreaking.

The prosecuting witness for the State testified that nine sacks of cotton seed meal were stolen from his barn; that the barn was nailed up with three nails inside the door; that the cotton seed meal was hauled away in a wagon, which was tracked to the house of the defendant, and four sacks of the cotton seed meal were there found in his possession; that the defendant admitted he stole the cotton seed meal, and upon a conditional compromise of the case, returned nine sacks, the number stolen; he claimed that another negro had helped him steal the meal.

Another witness testified that on the evening before the 17th of March he passed by the barn and the door was shut and had a nail in it. On the next morning, when passing, he saw meal on the ground, and the door was shut, but not fastened back like it was the day before.

The reasonable inference is that it was necessary for the appellant to break into the barn in order to steal the meal. *State v. Bates,* 62 S. C. 377, 40 S. E. 772.

The appellant has also failed to show prejudicial error in any other respect.

Affirmed.